# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DIONNE LAMONT GATLING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-cv-348 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Dionne Gatling's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a second or successive motion within the meaning of 28 U.S.C. §§ 2244 and 2255, that has been denied certification by the United States Court of Appeals for the Eighth Circuit, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As a result, the motion will be denied and the case will be dismissed.

### Background

On February 12, 2019, Petitioner pled guilty before this Court to five counts including charges of conspiracy to distribute and possess with intent to distribute drugs; charges of attempt to possess with intent to distribute drugs; and a charge of discharging a firearm in furtherance of a drug trafficking crime resulting in death. *United States v. Gatling*, 4:14-cr-88 RWS, ECF No. 706 (E.D. Mo.). On May 24, 2019, this Court sentenced Petitioner to the Bureau of Prisons for a total term of 324 months. *Id.* at ECF No. 751. Petitioner appealed his conviction and sentence to the Eighth Circuit Court of Appeals (No. 19-2103), but the appeal was dismissed on March 9, 2020,

in accordance with the appeal waiver contained in the plea agreement. *Id.* at ECF Nos. 754 & 789-91.

On January 25, 2023, Petitioner filed his first motion to vacate pursuant to § 2255, arguing that his conviction for discharge of a firearm in furtherance of a drug trafficking crime resulting in death is no longer valid in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Gatling v. United States*, 4:23-cv-79 RWS (E.D. Mo.). The Court granted the government's motion to dismiss and denied Petitioner's §2255 motion, finding that Petitioner's argument for relief was barred by the waiver in his plea agreement that precludes collateral attacks for anything other than ineffective assistance of counsel or prosecutorial misconduct, and because *Taylor* does not apply to his case. *Id.* at ECF No. 11.

On November 29, 2023, an attorney for Petitioner filed an "Application for Authorization to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (No. 23-3611) with the Eighth Circuit Court of Appeals. In that Application, Petitioner argued that the Supreme Court's recent decision in *Lora v. United States*, 599 U.S. 453 (2023), applied to Petitioner's conviction and as such, requested permission to file a second or successive § 2255 petition. *Id.* at ECF No. 13. The Eighth Circuit Court denied the motion for authorization to file a successive habeas application on January 9, 2024. *Id.* at ECF No. 14.

Petitioner filed the instant § 2255 motion *pro se* on March 6, 2024, seeking review and reduction of his sentence "Under the Substantive Rule in Lora v. United States 599 U.S. 453 (2023)." ECF No. 1. Petitioner's motion appears to repeat many of the same arguments made by Petitioner's counsel in the motion filed with the Eighth Circuit Court seeking permission to file a successive motion.

2

**Discussion**

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Here, Petitioner requested and was denied permission to file a successive § 2255 motion by the Eighth Circuit Court of Appeals based on the argument that *Lora* applies to his conviction. The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises*, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Because Petitioner has been denied permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion. Therefore, the motion is denied, and this action is dismissed without prejudice. Petitioner will not be prejudiced by the dismissal of this action. The Court will hear his successive petition if and only if the Court of Appeals authorizes its filing.

Finally, Petitioner has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c). To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.

3

1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because Petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Dionne Lamont Gatling's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 30th day of April, 2024.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

4